IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARICRUZ GALVAN | § | |
| | § | |
| | § | |
| | § | |
| V. | § | Civil Action No. 5:21-CV-01141 |
| | § | |
| VICTOR ANTONIO AND | § | |
| LANDSTAR RANGER, INC. | § | |
| | § | Jury Trial Demanded |

## DEFENDANT LANDSTAR RANGER, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW Defendant Landstar Ranger, Inc. and files this Notice of Removal, and would respectfully show unto the Court as follows:

### I.
### PROCEDURAL HISTORY

1.     Plaintiff filed suit in Cause No. 21-11-14078-DCV, in the 293rd Judicial District Court of Dimmit County, Texas on or about November 8, 2021. Defendant, Landstar Ranger, Inc. was served on November 12, 2021. Defendant Victor Antonio has not been served.

2.     Defendant Landstar Ranger, Inc. has filed this Notice of Removal within the time period required by 28 U.S.C. § 1446(b).

### II.
### NATURE OF THE SUIT

3.     Plaintiff alleges that on or about March 19, 2021, she sustained injuries and damages as a result of a motor vehicle accident that occurred in Carrizo Springs, Dimmit County, Texas.

4.      According to Plaintiff's Original Petition, Plaintiff Maricruz Galvan is a citizen of the State of Texas and resides in Carrizo Springs, Dimmit County, Texas. *See* Plaintiff's Original Petition, Section 2.1.

5.      At all relevant times, Defendant Landstar Ranger, Inc. was a company with its principal place of business in Jacksonville, Florida. *See* Plaintiff's Original Petition, Section 2.3.

6.      Defendant Landstar Ranger, Inc. is a company incorporated under the laws of the State of Delaware.  *See* Plaintiff's Original Petition, Section 2.3.

### III.
### BASIS FOR REMOVAL

7.      Removal is proper because there is complete diversity of citizenship between Plaintiff and Defendant Landstar Ranger, Inc.

8.      Plaintiff Maricruz Galvan is a citizen of the State of Texas and resides in Carrizo Springs, Dimmit County, Texas.  *See* Plaintiff's Original Petition, Section 2.1.

9.      Defendant Landstar Ranger, Inc. is a company incorporated under the laws of the State of Delaware, whose principal place of business has at all times been maintained in the State of Florida and whose citizenship is in the State of Florida.

10.     As plead by Plaintiff, the amount in controversy exceeds $1,000,000.00.  *See* Plaintiff's Original Petition, Section 3.2.

### IV.
### VENUE AND JURISDICTION

11.     Venue for this removal is proper in this district under 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the removed action has been pending.

12.     This Court has jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1332 in that this is a case of complete diversity of citizenship between the parties properly joined and served as defendants and the amount in controversy exceeds $1,000,000.00 exclusive of interest and costs.

## V.
## DEFENDANT'S NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

13.     Defendant has attached to this notice all process, pleadings and orders filed in the state court action as required by 28 U.S.C. §1446(a).  (*See* **Exhibit A**, Index of Matters Being Filed).

## VI.
## JURY DEMAND

14.     Plaintiff and Defendant have made a demand for a jury trial in State District Court.

## VII.
## NOTICE TO STATE COURT

15.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which this action is pending.

Respectfully submitted,

**CASTAGNA SCOTT L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: */s/ Lynn Castagna*
    Lynn S. Castagna
    Federal ID No. 21871
    State Bar No.  03980520
    Lynn@texasdefense.com
    Celeste Kronenberger
    Federal ID No. 1100175
    State Bar No. 24048946
    Celeste@texasdefense.com

**ATTORNEYS FOR DEFENDANT**
**LANDSTAR RANGER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

*VIA ESERVICE*
Francisco Guerra IV
Jorges L. Mares
Watts Guerra, LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, Texas 78257

*VIA ESERVICE*
Michael Miller
Law Offices of Michael Miller
926 Chulie Drive
San Antonio, Texas 78216

and in accordance with the Federal Rules of Civil Procedure, on the 17th day of November, 2021.

    */s/ Lynn Castagna*
    Lynn Castagna

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARICRUZ GALVAN | § | |
| | § | |
| | § | |
| | § | |
| V. | § | Civil Action No. 5:21-CV-01141 |
| | § | |
| VICTOR ANTONIO AND | § | |
| LANDSTAR RANGER, INC. | § | |
| | § | Jury Trial Demanded |

## <u>INDEX OF MATTERS BEING FILED</u>

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT COURT OF TEXAS, SAN ANTONIO DIVISION

COMES NOW Defendant Landstar Ranger, Inc. and attaches this Index of Matters Being Filed to its Notice of Removal.

1.   Docket Report/Case History for Cause No. 21-11-14078-DCV;

2.   Plaintiff's Original Petition (filed on November 8, 2021);

3.   Copy of Citation served on Defendant Landstar Ranger, Inc.;

4.   Defendant Landstar Ranger, Inc.'s Original Answer; and

5.   Defendant Landstar Ranger, Inc.'s Objections to Plaintiff's Notice of Self-Authentication and Motion for Protective Order.

Respectfully submitted,

**CASTAGNA SCOTT L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: */s/ Lynn S. Castagna*
    Lynn S. Castagna
    Federal ID No. 21871
    State Bar No.  03980520
    Lynn@texasdefense.com
    Celeste Kronenberger
    Federal ID No 1100175
    State Bar No. 24048946
    Celeste@texasdefense.com

**ATTORNEYS FOR DEFENDANT**
**LANDSTAR RANGER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

| *VIA ESERVICE* | *VIA ESERVICE* |
|---|---|
| Francisco Guerra IV | Michael Miller |
| Jorges L. Mares | Law Offices of Michael Miller |
| Watts Guerra, LLP | 926 Chulie Drive |
| 4 Dominion Drive | San Antonio, Texas 78216 |
| Building 3, Suite 100 | |
| San Antonio, Texas 78257 | |

and in accordance with the Federal Rules of Civil Procedure, on the 17th day of November, 2021.

    */s/ Celeste Kronenberger*
    Celeste Kronenberger

```
                    DIMMIT COUNTY CIVIL DOCKET
                    CAUSE # 21-11-14078-DCV


================================================================================
     MARICRUZ GALVAN                     ATTORNEY: FRANCISCO GUERRA, IV.
                                                   4 DOMINION DRIVE
                                                   BUILDING 3 - SUITE 100
                                                   SAN ANTONIO, TX 78257
                                                   (210)447-0500


                          -- VS.--


     VICTOR ANTONIO                      ATTORNEY:
     LANDSTAR RANGER, INC.               ATTORNEY:


CAUSE OF ACTION: MOTOR VEHICLE ACCIDENT
FILE DATE: 11/08/2021


================================================================================
DATE                        NATURE OF PROCEEDINGS
================================================================================
11/08/2021          CIVIL ORIGINAL PETITION
 ORIGINAL PETITION
11/08/2021          JURY FEE
11/08/2021          ISSUE WRIT
 VICTOR ANTONIO
11/08/2021          ISSUE WRIT
 LANDSTAR RANGER, INC.
11/08/2021          SERVICE  CERTIFIED MAIL
11/08/2021          RECEIPT ISSUED
 219972
```

 **CT Corporation**

**Service of Process
Transmittal**
11/12/2021
CT Log Number 540574857

TO:     Jeff Peterson
        Landstar System Holdings, Inc.
        13410 Sutton Park Dr S
        Jacksonville, FL 32224-5270

RE:     **Process Served in Texas**

FOR:    Landstar Ranger, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARICRUZ GALVAN // To: Landstar Ranger, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 211114078DCV |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/12/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/12/2021, Expected Purge Date: 11/17/2021 |
| | Image SOP |
| | Email Notification,  Michael K. Kneller  mkneller@landstar.com |
| | Email Notification,  Richard A. Clark  RCLARK1@LANDSTAR.COM |
| | Email Notification,  Jeff Peterson  jpeterson2@landstar.com |
| | Email Notification,  Don Stambaugh  dstambaugh@landstar.com |
| | Email Notification,  John Neff  jneff@landstar.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

Page 1 of  2 / MK

 CT Corporation

**Service of Process Transmittal**
11/12/2021
CT Log Number 540574857

**TO:**   Jeff Peterson
Landstar System Holdings, Inc.
13410 Sutton Park Dr S
Jacksonville, FL 32224-5270

**RE:**   **Process Served in Texas**

**FOR:**   Landstar Ranger, Inc.  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CERTIFIED MAIL**

7020 3160 0002 2440 5358



Maricela G. Gonzalez
Dimmit County District Clerk
103 N. 5th Street
Carrizo Springs, Texas 78834

C T CORPORATION SYSTEM
1999 Bryan Street, Suite 900
Dallas, Texas 75201

# THE STATE OF TEXAS

## CITATION BY CERTIFIED MAIL
### CAUSE NO.: 21-11-14078-DCV

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO: **LANDSTAR RANGER, INC.**, may be served with process by serving its registered agent, **CT CORPORATION SYSTEM**, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.
**(REFER TO CERTIFIED COPY OF PLAINTIFF' ORIGINAL PETITION ATTACHED HERETO:)**

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof before the honorable 293rd District Court of Dimmit County, Texas at the Court House of said County in Carrizo Springs, Texas.

Said Plaintiff's Petition was filed in said Court, by Jorge Mares, whose address is 4 Dominion Drive, San Antonio, TX 78257 on 8th day of November, 2021, in this case, numbered 21-11-14078-DCV on the docket of said court, and styled:

**MARICRUZ GALVAN**
    **VS.**
**VICTOR ANTONIO AND LANDSTAR RANGER, INC.**

The Nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at office, this the 9th day of November, 2021.

Attest:
MARICELA G. GONZALEZ, DISTRICT CLERK
Dimmit County, Texas
103 North 5th Street
Carrizo Springs, TX 78834

SEAL

By: _Dora A. Bal_____
DORA A. BALDERAS, CHIEF DEPUTY CLERK

| **ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE** | **CERTIFICATE OF DELIVERY BY MAIL** |
|---|---|
| Rule 106 (a) (2) the citation shall be served by mailing to the defendant by certified mail Return receipt requested, a true copy of the Citation _____.<br>Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court. | I hereby certify that on the _9th_ day of _November_, 2021 at _____ o'clock ____M, I mailed to<br><br>CT CORPORATION SYSTEM – REGISTERED<br><br>AGENT FOR LANDSTAR RANGER, INC.<br><br>Defendant(s) by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto. |

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| Dora A. Balderas | | Chief Deputy Clerk |

ADDRESS _____

TITLE

103 N. 5th Street

| CITY | STATE | ZIP |
|---|---|---|
| Carrizo Springs | Texas | 78834 |

Case No. 21-11-14078-DCV

**MARICRUZ GALVAN**
**VS.**
**VICTOR ANTONIO AND**
**LANDSTAR RANGER, INC.**

Citation by Certified Mail

in the 293RD DISTRICT COURT
of
DIMMIT COUNTY, TEXAS

**Issued**
This 9th day of November, 2021
Maricela G. Gonzalez, District Clerk
Dimmit County, Texas

By _____
Dora A. Balderas, Chief Deputy Clerk

**Filed**
This _____ day of _____, 2_____
Maricela G. Gonzalez, District Clerk
Dimmit County, Texas

By _____
Dora A. Balderas, Chief Deputy Clerk

Filed 11/8/2021 2:39 PM
Maricela G. Gonzalez
District Clerk
Dimmit County, Texas
Reviewed By: Dora Balderas

CAUSE NO. 21-11-14078-DCV

| | | |
|---|---|---|
| MARICRUZ GALVAN, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 293RD JUDICIAL DISTRICT |
| | § | |
| VICTOR ANTONIO AND | § | |
| LANDSTAR RANGER, INC., | § | |
| | § | |
| *Defendants.* | § | DIMMIT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Maricruz Galvan, and files her Original Petition against Defendants, Victor Antonio and Landstar Ranger, Inc. In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY TRACK

1.1     *Discovery Control Plan.* Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Discovery Control Plan Level Three governs this lawsuit.

1.2     *Required Initial Disclosures.* Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Respondent is required to disclose, within 30 days of after the filing of the first Answer, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

1.3     *Production of Documents Self-Authenticating.* Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, each defendant named in this petition is hereby put on notice that your production of a document in response to written discovery authenticates the document for use against that defendant in any pretrial proceeding or at trial.

I, MARICELA G. GONZALEZ, District Clerk of Dimmit County, Texas hereby certify that the foregoing consisting of 8 pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's office of Dimmit County, Texas this 9th day of November 20 21.

Maricela G. Gonzalez, District Clerk
By: _____ Deputy

## II.
### PARTIES

2.1     Plaintiff Maricruz Galvan is a citizen of Carrizo Springs, Texas. She currently resides in Dimmit County and resided there at all times material to this lawsuit.

2.2     Defendant, Victor Antonio ("Antonio"), is a citizen of the United States residing in El Paso, Texas. He may be served with process by serving him at his place of residence, 3712 Leticia, El Paso, Texas 79936, or at his place of employment, Landstar's Texas office at 622 Wheat Ridge Rd., Allen, Texas 75002, or wherever he may be found.

2.3     Defendant, Landstar Ranger, Inc. ("Landstar"), is a for-profit Delaware corporation with its principal place of business in Jacksonville, Florida. Landstar is the owner of the tractor-trailer involved in the subject crash that makes the basis of this lawsuit and is also the employer of Defendant Antonio.  Landstar may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
### VENUE AND JURISDICTION

3.1     Venue is proper in Dimmit County, Texas, pursuant to Sections 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Dimmit County is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

3.2     This Court has subject matter jurisdiction over this action because the amount sought herein exceeds the minimum jurisdictional limits of the Court. Specifically, and pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that she seeks damages in excess of $1,000,000.00.

3.3     This Court has specific personal jurisdiction over both Defendants because they purposely directed their activities in Texas and the litigation is the result of injuries that arise out of and relate to those activities. In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to operate and/or cause operation of a vehicle on the roadways of Texas (Defendant Antonio in operating the vehicle in Texas, and Landstar in directing such operation and having Antonio, its employee, servant and/or agent, operate it in Texas) and the applicable failure to exercise ordinary care while doing so with a vehicle owned by Defendant Landstar. Defendant Antonio resides in El Paso, Texas, and therefore is "at home" in Texas for jurisdictional purposes. Moreover, both Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with Defendants' tortious activities in Texas, and this Court's personal jurisdiction over these Defendants in this action arises from that nexus. Defendants themselves created the contacts with Texas; they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts (both substantial contacts and continuous contacts, generally and with respect to this action) with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

3.4     Although Plaintiff seeks damages in an amount exceeding $75,000, federal courts lack jurisdiction over this suit.  There is incomplete diversity of citizenship, and Plaintiff's claims raise no federal question.  Plaintiff seeks no relief under a federal law, statute, regulation, treaty, or constitution, nor do Plaintiff's rights to relief necessarily depend on the resolution of a substantial question of federal law.  Thus, removal would be improper.  Removal would also be improper due to the presence of one or more defendants with Texas citizenship.  To the extent Defendants improperly remove this case, Plaintiff requests an award of all costs, expenses and fees available under 28 U.S.C. ¶ 1447(c).

## IV.
### STATEMENT OF FACTS

4.1     According to the crash report, on March 19, 2021, at roughly 9:00 a.m., Plaintiff was driving near the 1004 block of North First Street (Highway 83) in Carrizo Springs, Dimmit County, Texas. At the same time, Defendant Antonio was traveling in the same direction on North First Street in a company-owned semi-truck freightliner. Suddenly and without warning, while attempting to change lanes, Defendant Antonio's semi-truck crashed into Plaintiff's vehicle. As a result of the crash, Plaintiff suffered severe injuries.

4.2     The semi-truck freightliner Defendant Antonio was driving at the time of the crash is owned by Landstar Ranger, Inc. At all times during the subject crash, Defendant Antonio was in the course and scope of his employment with Defendant Landstar, or one of its subsidiaries. Alternatively, Defendant Antonio was the statutory employee of Defendant Landstar pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq*.

## CAUSES OF ACTION AGAINST DEFENDANTS
## VICTOR ANTONIO AND LANDSTAR RANGER, INC.

### V.
### NEGLIGENCE AND VICARIOUS LIABILITY

5.1     Defendants committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

5.2     Defendant Antonio owed a duty to Plaintiff to exercise ordinary care. Defendant Antonio's acts and/or omissions of negligence include, without limitation, one or more of the following:

(a)     Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b)     Failing to safely operate the subject semi-truck freightliner;

(c)     Crashing into Plaintiff;

(d)     Failing to pay attention to attendant traffic and driving conditions; and

(e)     attempting to change lanes when unsafe to do so.

5.3     Defendant Landstar is liable for Defendant Antonio's conduct under the doctrine of *respondeat superior*. Defendant Antonio was employed by Defendant Landstar as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the crash that gives rise to this lawsuit. Defendant Landstar is vicariously liable for Defendant Antonio's negligence because Defendant Landstar was acting within his general authority and in furtherance of the business of Defendant Landstar at the time of the collision, and for the accomplishment of the object for which he was hired, and therefore he was in the course and scope of his employment and/or agency with Defendant Landstar at the time of the collision.

5.4     Alternatively, Defendant Landstar is vicariously liable as a matter of law for the negligence of Defendant Antonio because Defendant Antonio was a statutory employee of Defendant Landstar pursuant to the Federal Motor Carrier Safety Regulations.

## VI.
### DAMAGES

6.1.     As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, actual, special, incidental and/or consequential damages for which she seeks recovery herein. These damages were proximately caused by the negligence of the Defendants.  These damages include but are not limited to:

(a)     Past and future pecuniary loss;

(b)     Past and future medical bills;

(c)     Physical pain;

(d)     Mental anguish;

(e)     Physical impairment;

(f)     Disfigurement;

(g)     Lost earnings;

(h)     Lost earning capacity; and

(i)     Reasonable and necessary medical expenses.

## VII.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
### CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed, have occurred and/or been waived.

## IX.
### JURY DEMAND

9.1    Plaintiff requests a trial by jury and tender the requisite fee.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for their actual, special, incidental and/or consequential damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show herself to be justly entitled, whether at law or in equity.

Dated this 8th day of November 2021.                Respectfully submitted,

WATTS GUERRA, LLP
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
Telephone:    (210) 447-0500
Facsimile:    (210) 447-0501

By:    /s/ Jorge Mares
Francisco Guerra IV
State Bar No. 00796684
fguerra@wattsguerra.com
Jorge L. Mares
State Bar No. 24087973
jmares@wattsguerra.com
ALEXIS R. GARCIA
State Bar No. 24117204
argarcia@wattsguerra.com

*and*

MICHAEL MILLER
State Bar No. 00788060
mmiller@michaelmillerlaw.com
Law Offices of Michael Miller, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Telephone:     (210) 225-6666
Facsimile:      (210) 225-2300

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. 21-11-14078-DCV

| | | |
|---|---|---|
| MARICRUZ GALVAN | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | 293rd JUDICIAL DISTRICT |
| | § | |
| VICTOR ANTONIO AND | § | |
| LANDSTAR RANGER, INC. | § | |
| *Defendants.* | § | DIMMIT COUNTY, TEXAS |

## DEFENDANT LANDSTAR RANGER, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LANDSTAR RANGER INC., Defendant in the above styled lawsuit, and files its Original Answer and as grounds therefore would respectfully show unto the Court and Jury as follows:

**I.**
**GENERAL DENIAL**

1.      The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against it by Plaintiff and her attorney.

2.      At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon her, to prove each and every material allegation contained in her pleadings by a preponderance of the credible evidence.

## II.
## <u>DEFENSES</u>

3.      Defendant would show that Plaintiff's alleged injuries and damages were proximately caused by Plaintiff's negligent conduct, both of omission and commission, in one or more of the following respects:

(a)  Inattention while operating a motor vehicle; and
(b)  Failing to keep a proper lookout.

4.      Each of these acts and/or omissions, singularly or in combination with the others, constituted negligence and negligence per se, which proximately caused the occurrence made the basis of Plaintiff's action and all damages alleged in this case.

5.      Pleading further, Defendant is entitled to the full rights and benefits provided by the TEXAS RULES OF CIVIL PROCEDURE and the TEXAS CIVIL PRACTICE & REMEDIES CODE regarding the apportionment of responsibility among responsible persons and upon any judgment that may be entered in this lawsuit.

6.      Defendant would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff are recoverable by Plaintiff in this lawsuit. TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105. Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

7.      Further, Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

**V.**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff take nothing by way of her cause of action against Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which the Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By:  */s/ Lynn S. Castagna*
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Celeste P. Kronenberger
State Bar No. 24048946
Celeste@texasdefense.com

**ATTORNEYS FOR DEFENDANT
LANDSTAR RANGER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

*VIA ESERVICE*
Francisco Guerra IV
Jorges L. Mares
Watts Guerra, LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, Texas 78257

*VIA ESERVICE*
Michael Miller
Law Offices of Michael Miller
926 Chulie Drive
San Antonio, Texas 78216

and in accordance with the Federal Rules of Civil Procedure, on the 17th day of November, 2021.

_/s/ Lynn Castagna_____
Lynn Castagna

CAUSE NO. 21-11-14078-DCV

| | | |
|---|---|---|
| MARICRUZ GALVAN | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | 293rd JUDICIAL DISTRICT |
| | § | |
| VICTOR ANTONIO AND | § | |
| LANDSTAR RANGER, INC. | § | |
| *Defendants.* | § | DIMMIT COUNTY, TEXAS |

## DEFENDANT LANDSTAR RANGER, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF SELF-AUTHENTICATION AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LANDSTAR RANGER INC., Defendant in the above styled lawsuit, and files its Objection to Plaintiff's Notice of Self-Authentication and Motion for Protective Order. As grounds in support thereof, Defendant would respectfully show unto the Court and Jury as follows:

### I.
### Procedural History

1.      On November 8, 2021, Plaintiff filed her Original Petition which contained a Notice of Self-Authentication. Defendant was served thereafter and filed a timely answer on November 17, 2021.

### II.
### Arguments and Authorities

2.      Plaintiff's Notice of Self-Authentication in her Petition reads:

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, each defendant named in this petition is hereby put on notice that your production of a document in response to written discovery authenticates the document for use against that defendant in any pretrial proceeding or at trial.

- 1 -

3.     The Notice of Self-Authentication is procedurally and substantively flawed. It was served before Defendant produced a single document in the case. Accordingly, the Notice fails to, and cannot possibly, identify the specific documents that Plaintiff seeks to have authenticated. Defendant further objects to the overly broad scope of the Notice of Use of Documents, and the gunshot approach in Plaintiff's utilization of Tex. R. Civ. P. 193.7. Plaintiff must identify the documents she seeks authenticated to allow Defendant fair notice to object thereto.

**III.**

WHEREFORE, PREMISES CONSIDERED, Defendant requests that its Objections to Plaintiff's Notice of Self-Authentication and Motion for Protective Order be granted, and for such other relief, both at law and in equity, to which Defendant may be entitled.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: _/s/ Lynn S. Castagna_
    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@texasdefense.com
    Celeste P. Kronenberger
    State Bar No. 24048946
    Celeste@texasdefense.com

**ATTORNEYS FOR DEFENDANT
LANDSTAR RANGER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

| | |
|---|---|
| ***VIA ESERVICE*** | ***VIA ESERVICE*** |
| Francisco Guerra IV | Michael Miller |
| Jorges L. Mares | Law Offices of Michael Miller |
| Watts Guerra, LLP | 926 Chulie Drive |
| 4 Dominion Drive | San Antonio, Texas 78216 |
| Building 3, Suite 100 | |
| San Antonio, Texas 78257 | |

and in accordance with the Federal Rules of Civil Procedure, on the 17th day of November, 2021.

 */s/ Lynn Castagna*
Lynn Castagna